IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SUPERMEDIA, LLC )
 )
    Plaintiff, )
 )
v. ) 1:10cv875 (LMB/IDD)
 )
AA APPLIANCES REPAIR SERVICES, )
    INC. )
 )
    Defendant. )

## MEMORANDUM OPINION

Before the Court is the plaintiff's Motion for Summary Judgment [Dkt. No. 25]. For the reasons stated in open court and more fully developed in this Memorandum Opinion, plaintiff's motion will be granted.

### I. Background

This civil action arises out of a contractual dispute between SuperMedia LLC and AA Appliances Repair Services, Inc. Plaintiff, SuperMedia LLC ("SuperMedia"), is a Delaware corporation with its principal place of business in Dallas, Texas. See Pl.'s Compl. ¶ 1. Plaintiff is the publisher of the *Verizon Yellow Pages* and *White Pages* telephone directories, as well as *Superpages.com* (collectively, "the directories"). Id. Defendant, AA Appliances Repair, Inc. ("AA Appliances Repair"), is a Virginia corporation with its principal place of business in Alexandria, Virginia. Id. ¶ 2. As its name suggests, AA Appliances Repair, which is solely owned by Abdul Hayee ("Hayee"), provides appliance repair services. See Joint Stipulation of Uncontested Facts ¶¶ 2-3.

Supermedia initiated this action against AA Appliances Repair in an effort to collect on hundreds of thousands of dollars worth of unpaid invoices for advertising that it provided to AA Appliances Repair in its *Yellow Pages* and other directories over a multiple-year period. See Pl.'s Mot. for Summ. J. at 1. Specifically, plaintiff alleges that from late 2006 through 2010, AA Appliances Repair entered into a series of contracts in which it agreed to pay SuperMedia an agreed-upon monthly rate in exchange for SuperMedia publishing advertisements for AA Appliances Repair in its directories serving the Washington, D.C. Metro area.[1] Id. at 2-3. Plaintiff claims that it fully satisfied its contractual obligations by publishing the requested advertisements in its directories, but that defendant refused to pay many of the regular monthly invoices that plaintiff sent. Id. at 6-7.

In particular, SuperMedia alleges that defendant has been in arrears on payments owed since February 4, 2008, and that although AA Appliances Repair has made occasional payments since that time,

---

[1] Those contracts were all governed by a standard set of terms and conditions ("T&Cs"), which varied only in minor wording changes. See Pl.'s Ex. C (collecting copies of the written Advertising Agreements signed by an agent of defendant); see also Pl.'s Ex. E (standard T&Cs in use by plaintiff during 2009). Defendant admits that its owner and principal agent, Abdul Hayee, signed each Advertising Agreement on behalf of and with the authority to bind AA Appliances Repair, and that defendant therefore placed orders for each of the advertisements at issue, subject to the governing terms and conditions of each of those contracts. See Joint Stipulation of Uncontested Facts ¶ 7.

those payments were never sufficient to bring the account current. Id. SuperMedia therefore invokes diversity jurisdiction and asserts claims for breach of contract and unjust enrichment, seeking $407,628.43 in damages (comprising $345,385.31 in principal, including any accelerated principal, and $62,243.12 in accrued late charges),[2] plus attorneys' fees and costs. See Mem. in Supp. of Pl.'s Mot. for Summ. J. at 1.[3]

On January 10, 2011, plaintiff filed a Motion for Summary Judgment [Dkt. No. 25] on Count I of its Complaint (Breach of Contract), arguing that there is no genuine dispute of material fact as to AA Appliances Repair's liability for the full amount of the debt claimed. Id. Plaintiff asserts that there is no dispute that defendant signed and is bound by the written Advertising Agreements that it used to order the advertisements at issue, nor is there any dispute that defendant failed to pay the agreed-upon price for many of the advertising services that it received, resulting in a total of $407,628.43 in unpaid invoices. See id. at 1-2. Plaintiff therefore seeks summary judgment in its favor as a matter of law. Id.

Throughout this litigation, defendant has sought to excuse

---

[2] The late charges accrued at a rate of 18% per year, as detailed in the Advertising Agreements between the parties. See Pl.'s Ex. B (declaration of Nancy Logue) ¶ 12; Pl.'s Ex. E (T&Cs) § 7.

[3] Plaintiff later abandoned its request for attorneys' fees and collection costs. See infra at 13 n.6.

3

its failure to pay for the advertising services rendered, at least in part, by raising the issue of SuperMedia's allegedly incorrect placement of certain of its advertisements in relation to the advertisements of other customers, which defendant claims engaged in a practice known as "heading jumping" to gain better placement towards the beginning of the directories. See id. at 7-8. In fact, defendant raised several counterclaims premised on those allegations, including counterclaims for breach of contract and fraud. See Def.'s Counterclaim at 1-4. However, on October 22, 2010, those counterclaims were dismissed on the grounds that they were inconsistent with the clear and unambiguous terms of the Advertising Agreements at issue, which did not guarantee customers like defendant any particular placement for their advertisements. See Dkt. No. 24 [October 22, 2010 Order].

In opposition to plaintiff's Motion for Summary Judgment, AA Appliances Repair continues to argue that the Advertising Agreements at issue were modified by an agent of the plaintiff, who agreed to offer certain credits to AA Appliances Repair in response to its expressed dissatisfaction with the placement of certain of its advertisements. See Def.'s Mem. in Supp. of its Opp. to Mot. for Summ. J. at 1. Defendant argues that those credits are not reflected in the amount demanded by plaintiff, and that they would reduce the amount due and owing to plaintiff by an unspecified amount. Id. at 2. Furthermore, AA Appliances Repair claims that it made at least some payments on the invoices that it

4

received during the time period at issue in this case, and that those payments were specifically to be applied to the charges for certain specified advertisements. Id. at 2-3. Defendant alleges, however, that SuperMedia misapplied many of those payments "to the account generally," rather than to the charges for those particular advertisements. Id. at 3. Defendant thus argues that summary judgment is inappropriate because "[t]he failure of the Plaintiff to correctly apply the payments made by the Defendant creates a genuine issue of material fact as to the amount owed by the Defendant to the Plaintiff." Id.

## II. Standard of Review

Summary judgment is appropriate where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986).

In ruling on a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). However, "the mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson, 477 U.S. at 252;

see also Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008). Moreover, a nonmoving party cannot "create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Rather, to survive a motion for summary judgment, a nonmoving party must submit sufficient, credible evidence to establish a reasonable finding in his favor. See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

### III. Discussion

#### A. Plaintiff Is Entitled to Summary Judgment as a Matter of Law.

SuperMedia is entitled to summary judgment in its favor for the full amount of the debt claimed. It is undisputed that the defendant's agent, Hayee, signed each of the applicable Advertising Agreements on behalf of and with the authority to bind AA Appliances Repair. See Pl.'s Ex. C. By entering into those contractual agreements, AA Appliances Repair agreed to "pay the monthly rates listed on the Agreement for the period [SuperMedia] provide[s] the Ads and Services" and to make all payments "in full by the due date." See Pl.'s Ex. E (T&Cs) §§ 5-6. Furthermore, all of the contracts at issue provide that the customer "may not withhold any payment for any reason, including any dispute between [the customer] and [SuperMedia]." Id. § 6. Accordingly, when SuperMedia published AA Appliances Repair's advertisements in its directories, as the parties agree that it did, AA Appliances

Repair became contractually liable to pay the full agreed-upon price. See Joint Stipulation of Uncontested Facts ¶ 5 (agreeing that defendant "had an extensive program with a variety of different ads placed in multiple *Verizon Yellow Pages* and companion directories").

Moreover, there is no genuine dispute of material fact as to AA Appliances Repair's breach of its contractual payment obligations and its consequent liability to SuperMedia for the unpaid invoices; indeed, the documents submitted by SuperMedia show a current unpaid balance on AA Appliances Repair's account of $407,628.43. See Pl.'s Ex. B-1 (billing invoices); see also Pl.'s Ex. B (sworn declaration of Nancy Logue, a credit and collection specialist for SuperMedia). Under the plain terms of the parties' agreements, plaintiff is therefore entitled to collect that $407,628.43 in damages, along with all attorneys' fees and other costs of collection, if requested. See Pl.'s Ex. E (T&Cs) § 7-8 (providing that if a customer fails "to pay all charges by 30 days after the due date," SuperMedia, among other remedies, may require the customer "to pay immediately all unpaid amounts [owed] for all Ads and Services for the entire term of this Agreement," along with any "late charges on account balances not paid by the due date"); id. § 8 (indicating that if SuperMedia initiates a lawsuit to collect amounts owed by a customer, it may "recover all collection costs and attorneys' fees").

### B. Defendant's Arguments Do Not Create a Genuine Issue of Material Fact.

Defendant does not dispute any of the purely arithmetic calculations of the debt owed in this case. Rather, as it has all along, defendant simply argues that its liability should be reduced by an unspecified amount, in light of its concerns regarding the placement of its advertisements, credits offered to it by a SuperMedia representative in response to those concerns, and the alleged misapplication of certain of its payments to the wrong advertisements. See Def.'s Mem. in Supp. of its Opp. to Mot. for Summ. J. at 1-4. None of defendant's arguments creates a genuine dispute of material fact that would preclude the granting of summary judgment in SuperMedia's favor.

First, AA Appliances Repair cannot evade its payment obligations based on its complaints regarding improper placement of its advertisements. As recognized in a similar case, Idearc Media Corp. v. Reliable 24 Hour Plumbing Servs., 1:07cv396, 2007 WL 2688274 (E.D. Va. Sept. 11, 2007) (Lee, J.), and as this Court itself noted when dismissing defendant's counterclaims, the unambiguous language of the Advertising Agreements establishes that defendant is not entitled to any particular placement of its advertisements. Indeed, the standard terms and conditions of the Advertising Agreements expressly state, in bold-face type, that SuperMedia does "not guarantee the placement or position of any Ad . . . on or within any Publication, . . . or on any page, cover, or heading, and will not provide any adjustments on claims relating to

placement for any Ad." Pl.'s Ex. E (T&Cs) § 13. Defendant's dispute regarding the placement of its advertisements therefore does not provide any justification for its failure to make the required payments under the Advertising Agreements.

Defendant next argues that the standard terms of the Advertising Agreements "were modified in writing by an agent of the Plaintiff," who offered certain credits and free advertising to address some of AA Appliances Repair's concerns regarding its advertising placement, and that plaintiff's alleged failure to provide those credits should reduce defendant's liability by some uncertain amount. See Def.'s Mem. in Supp. of its Opp. to Mot. for Summ. J. at 2-3. However, defendant fails to present any evidence supporting its claim that any of the contracts at issue were ever modified in any way. In fact, the contracts are all fully integrated, each containing an explicit merger clause expressly prohibiting any subsequent oral or written modification:

> Entire Agreement: This Agreement constitutes the entire agreement between you [customer] and us [SuperMedia] and supersedes all prior agreements and representations, whether express or implied, written or oral, with respect to the Ads and Services. . . . Neither you, nor any [SuperMedia] employee or agent is authorized to change or add to this Agreement or any other documents that are part of this Agreement in any way, and any purported change or addition, whether oral or written, is void.

Pl.'s Ex. E (T&Cs) § 20.

Additionally, although SuperMedia, in its discretion, issued certain credit adjustments and provided other forms of free

advertising to AA Appliances Repair in response to Hayee's complaints about his advertisement placement, such conduct does not amount to a modification of the contract, but is in fact an exercise of the contract terms. Indeed, the contracts expressly state that SuperMedia, in its discretion, "may provide free advertising pursuant to our then-current policies" or issue "a refund or credit to your [the customer's] account," if it chooses to do so. Id. § 9.

SuperMedia admits that it exercised that discretion and promised certain credits to AA Appliances Repair in an effort to maintain positive business relations with the defendant, but it asserts that those credits were issued in accordance with the standard contract terms and are fully reflected in its current billing records, such that the amount that the defendant owes on its account is accurate. See Pl.'s Reply to Def.'s Opp. to Mot. for Summ. J. at 5-6. And indeed, AA Appliances Repair has submitted no evidence whatsoever to establish that it did not receive any of the promised credits. Rather, defendant's four-page Opposition to the Motion for Summary Judgment merely makes the vague and conclusory assertion that AA Appliances Repair did not receive certain unidentified "credits" from SuperMedia, without referencing any supporting documentation or even detailing the amounts of those allegedly unapplied credits. See Def.'s Mem. in Supp. of its Opp. to Mot. for Summ. J. at 1-2. Accordingly, defendant's wholly unsupported argument relating to "missing credits" fails to create a

genuine dispute of material fact under the requirements of Fed. R. Civ. P. 56.

Finally, defendant's unsupported allegations regarding supposedly misapplied payments cannot create a material factual dispute that would preclude the grant of summary judgment in SuperMedia's favor. Defendant's only evidence in support of that argument consists of a series of unauthenticated letters between Hayee and Scott Windsor ("Windsor"), a SuperMedia representative. See Def.'s Ex. 2. Because those letters are not properly authenticated, they will not be considered in ruling on plaintiff's motion. See Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"); see also Mitchell v. Dooley Bros., 286 F.2d 40, 41 (1st Cir. 1960) (ruling that a district court erred in considering letters attached to an affidavit in support of an Opposition to Motion for Summary Judgment because the letters were unauthenticated).

Even if the Court were to consider the letters, the only fact that they would establish is that SuperMedia agreed to apply certain pre-payments by AA Appliances Repair to certain designated advertisements. Because defendant does not dispute that the payments referenced in each of the Windsor letters were credited to its account in one manner or another, those letters fail to raise any genuine, material issue of fact that would diminish the clear liability of AA Appliances Repair to SuperMedia in this case. In

fact, defendant's only argument is that the payments were not "correctly applied" as pre-payments for certain designated directory advertisements. See Def.'s Ex. 1 (Hayee affidavit) ¶ 7. Nowhere in its Opposition, however, does defendant present any evidence which actually demonstrates the alleged misapplication of the payments to its account, nor does defendant explain how, if at all, any misapplication of payments could possibly affect the *total* amount of the debt now owed.[4]

In any event, SuperMedia's collection specialist confirms in her sworn declaration that each payment referenced in the letters submitted by defendant was received and properly credited to defendant's account. See Ex. 1 to Pl.'s Reply (second declaration of Nancy Logue) ¶ 7. Accordingly, the outstanding balance as calculated in SuperMedia's account reports properly reflects those pre-payments, and the specific directory to which each payment was applied is immaterial. There is only one balance claimed on the one account at issue, and the admissible evidence establishes that all payments made by defendant were appropriately credited to that balance. Id. ¶ 8. AA Appliances Repair has simply failed to explain how any alleged "misapplication" of payments could affect the determination of the final amount owed, and summary judgment therefore remains appropriate in favor of SuperMedia.

---

[4] The only possible explanation is that the application of payments to specific advertising charges could somehow affect the calculation of interest or late fees. However, defendant has not submitted any evidence on that front, nor has defendant even indicated the amount by which the "misapplied" payments would allegedly reduce the damages claimed by SuperMedia.

## IV. Conclusion

For the reasons stated above, the Court will grant summary judgment in plaintiff's favor on Count I (Breach of Contract), award damages in the total amount of $407,628.43, and dismiss Count II (Unjust Enrichment) by an Order to be issued with this Memorandum Opinion.[5] Because plaintiff has chosen to forego seeking its attorneys' fees and collection costs, this judgment is a final total amount, except for interest accruing at the Court's official rate.[6]

Entered this 4th day of February, 2011.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[5] As plaintiff admits in its Motion for Summary Judgment, a grant of summary judgment in its favor on Count I renders the alternative Count II (Unjust Enrichment) moot. See Mem. in Supp. of Pl.'s Mot. for Summ. J. at 9.

[6] Although plaintiff's Complaint and Motion for Summary Judgment initially sought attorneys' fees and collection costs over and above the $407,628.43 amount, plaintiff advised the Court in a telephone call on February 4, 2011 that it was willing to forego filing a petition to collect those fees and costs, such that it could receive a final judgment under Fed. R. Civ. P. 58 on February 4, 2011.